UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**STATE OF TEXAS,**

  *Plaintiff*,

v.                                          Case No. SA-22-CV-01127-JKP

**MARK ALFRED DIOGU,**

  *Defendant*.

## O R D E R

Before the Court is Defendant Mark Diogu's Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b). *See* ECF No. 21. Diogu also filed two supplements, which the Court construes as amended motions. *See* ECF Nos. 22, 23. The State of Texas has not responded. For the reasons discussed herein, the motions are **DENIED**.

Rule 60(b) provides a district court with the opportunity to relieve a party from a final judgment, order, or proceeding for the following reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Rule 60(b)(6) is "a residual or catch-all provision … to accomplish justice under exceptional circumstances." *Edwin H. Bohlin Co. v. Banning Co., Inc.,* 6 F.3d 350, 357 (5th Cir. 1993). Relief under Rule 60(b)(6) "will be granted only if extraordinary circumstances are present." *Hess v. Cockrell*, 281 F.3d

212, 216 (5th Cir. 2002) (citing *Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 743 (5th Cir. 1995)).

In his first motion for relief from judgment, Diogu argues, under Rules 60(b)(5) and 60(b)(6), the Court's remand to state court should be reversed. Specifically, Diogu argues the Court's decision to remand is no longer equitable under Rule 60(b)(5) because his criminal case should be dismissed. In so doing, Diogu invites the Court to consider his criminal case on the merits when it has already determined removal to federal court was improper. Diogu's motion on Rule 60(b)(5) grounds is therefore denied. Rule 60(b)(6) provides broader grounds for relief; however, it only applies when extraordinary circumstances are present. Here, Diogu argues the Supreme Court's recent voting rights decision in *Allen v. Milligan* undermines the Court's decision to remand Diogu's case. *See* 599 U.S. 1 (2023). The Court disagrees. As the Court determined in its Order of Remand, and reiterated in its Order Denying Diogu's Motion for Reconsideration, Diogu's case fails to meet the requirements of 28 U.S.C. § 1443 removal. *See* ECF Nos. 15, 19. The *Milligan* case does not disturb the Court's analysis.

In his supplemental motions, Diogu argues, under Rule 60(b)(3), an officer in the underlying criminal case allegedly fraudulently accused Diogu of spitting on him. Here again, Diogu invites the Court to consider his underlying criminal case on the merits. Even if Diogu's allegation of fraud were true, it would not affect the Court's determination that he fails to meet the requirements of § 1443 removal. The Court, therefore, denies Diogu's supplemental motions.

**IT IS THEREFORE ORDERED** that Diogu's Motion to Set Aside, Motion to Supplement, and Second Motion to Supplement are **DENIED**. *See* ECF Nos. 21, 22, 23.

It is so ORDERED.
SIGNED this 14th day of September, 2023.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE